IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HARVEY EUGENE LARSON,

    Plaintiff,                      No. CIV S-06-1985 LKK KJM P

    vs.

WARDEN RUNNELS, et al.,

    Defendants.               <u>ORDER AND</u>

_____/    <u>FINDINGS AND RECOMMENDATIONS</u>

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. By order filed May 2, 2007, plaintiff's complaint was dismissed with leave to file an amended complaint. Plaintiff filed amended complaints on May 9 and May 21, 2007. In his May 21 amended complaint, plaintiff asks that the court disregard the May 9 amended complaint. Good cause appearing, the May 9 amended complaint will be placed in the court's file and disregarded.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may

/////

be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

After plaintiff filed his original complaint, the court issued an order dismissing the complaint and informing plaintiff as to the minimum requirements for stating a claim upon which relief can be granted under 42 U.S.C. § 1983.  Plaintiff failed to follow the instructions given to him by the court as there are no allegations in the amended complaint that even arguably state a claim upon which relief can be granted.  Accordingly, the court will recommend that this action be dismissed.[1]

In accordance with the above, IT IS HEREBY ORDERED that plaintiff's May 9, 2007 "amended complaint" shall be placed in the court's file and disregarded; and

IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a claim upon which relief can be granted.

/////

---

[1] While most of the language in plaintiff's amended complaint does not make sense at all, it does appear plaintiff might have some concerns with deprivation of personal property.  If plaintiff seeks the return of personal property, or compensation for confiscated property, he may be able to file an action in California's Superior Court.  See Hudson v. Palmer, 468 U.S. 517, 533 (1984) (an unauthorized intentional deprivation of property by a state employee generally cannot provide the basis for a federal claim).

1    These findings and recommendations are submitted to the United States District
2 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
3 days after being served with these findings and recommendations, plaintiff may file written
4 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
5 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
6 specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951
7 F.2d 1153 (9th Cir. 1991).

8 DATED:  October 31, 2007.

_____
U.S. MAGISTRATE JUDGE

1
lars1985.14a(5.9.07)

3